IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVERY T. WILLIAMS, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | No. 3:18-cv-952-M-BN |
| § | |
| TEXAS BOARD OF PARDONS AND § | |
| PAROLE, ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This civil rights action filed by several former Texas inmates proceeding *pro se*, seeking class status, was removed from the Dallas County Court-at-Law No. 2, *see* Dkt. No. 1, and has been referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b)(1) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Defendants Texas Board of Pardons and Paroles (the "Board"), its current presiding chair, David Gutierrez, and its former presiding chair, Rissie Owens, moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. Nos. 6 & 7. A construed motion to remand was also filed. *See* Dkt. No. 5. A motion for class certification is also pending. *See* Dkt. No. 22 & 23. And multiple responses and replies have been filed. *See* Dkt. Nos. 9-21.

On July 16, 2018, the undersigned entered findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court

should deny the motions for class certification and to remand and grant the motion to dismiss. *See* Dkt. No. 24.

Plaintiff Ivery T. Williams now moves for a temporary restraining order ("TRO") that may in part apply to the merits of this case but also broadly challenges the application of the Texas Sex Offender Registration Program to him, reasoning that the application of the registration requirements to him violates the prohibition against ex post facto laws. *See* Dkt. No. 26.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for a TRO.

## Legal Standards and Analysis

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain a TRO, Williams must therefore "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State*

of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

Or, as the United States Supreme Court more recently put the standard, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Williams] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [Defendants] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [Defendants] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)).

Nevertheless, Williams fails as to the first, substantial-likelihood element, as ex post facto challenges to Texas's sex offender registration statute – amended in 1997 to make it retroactive to convictions, like Williams's, that occurred prior to 1991 – routinely fail. *See, e.g., Garcia v. Dretke*, No. Civ. A. H-05-1379, 2005 WL 3234370, at *6-*9 (S.D. Tex. Nov. 29, 2005); *see also Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (determining that the statute poses no ex post facto violation as there is no evidence of punitive intent in the legislative history); *Rieck v. Cockrell*, 321 F.3d

-3-

487, 488 (5th Cir. 2003) (per curiam) (in affirming the requirement that a parolee participate in sex offender counseling, holding that the statute "was not intended to be punitive and serves important nonpunitive goals").

Williams also has not carried his burden as to the third and fourth elements. As a federal district court in this state has explained in a related context,

> [a]ny injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Respondent and the public interest both. *See* 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); *see also Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted). Petitioner does not show that his threatened injury outweighs the former, or that the injunction will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a preliminary injunction.

*Shields v. Thaler*, C.A. No. C-12-319, 2013 WL 620378, at *3 (S.D. Tex. Jan. 25, 2013).

## Recommendation

The Court should deny the motion for a TRO [Dkt. No. 26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE